UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THE UNITED STATES OF AMERICA

CASE NO. 12:CV-20734-JAL

Florida Bar No. 356050

    Plaintiff

v.

MALEK BROURI and JOANNE ZAROWNY,
et al.,

    Defendants.

_____

### MARHSALS SALE PURCHASER, MR. ED CAPITAL CORP.'S RESPONSE IN OPPOSITION TO DEFENDANT, JO ANNE ZAROWNY'S OBJECTION TO SALE

Marshals Sale Purchaser, MR. ED CAPITAL CORP. (the "Purchaser") makes this its Response in Opposition to Defendant, JO ANNE ZAROWNY's ("Ms. Zarowny") Objection to Sale (DE 70) and would allege:

1. The Purchaser was the successful high bidder at the Court ordered June 1, 2018 Marshal Sale for the property located at 231 NE 104th Street, Miami Shores, Florida (the "Property") and paid the Marshals the amount of its winning high bid.

2. The Purchaser under Florida law is considered to be a quasi-party to this action and has a right to participate in this action to defend its ownership interest in the Property without the need for intervention. *See Arsali v. Deutsche Bank National Trust Company,* 82 So. 3d 833, 835 (Fla. 4th DCA 2011); *Miller v. Stavros,* 174 So. 2d 48, 49 (Fla. 3rd DCA 1965).

3. Ms. Zarowny has filed an Objection (the "Objection") to the June 1, 2018 Marshals Sale (DE 70), however, her Objection to Sale is not well founded and is without any factual or legal basis and should be denied and overruled.

## *FACTS PERTAINING TO SALE*

4. This is a foreclosure action which was instituted by the United States of America against Ms. Zarowny (DE 1) almost six and one-half (6 1/2) years ago. During that time, this Court on more than one occasion (DE 45; DE 47; DE 54; DE 57) determined that Ms. Zarowny had consistently failed to comply with her obligations and to follow the requirements of this Court.

5. Nevertheless, the Parties were successful in reaching a final settlement of this action at Mediation (DE 62).

6. That settlement consisted of the Parties stipulating in writing to the entry of this Court's "Stipulated Final Judgment of Foreclosure" (the "Foreclosure Judgment") (DE 66). Ms. Zarowny signed the Stipulation which appears at the end of the Stipulated Final Judgment of Foreclosure stipulating to its entry.

7. The settlement between the Parties was simple and was reflected within the Foreclosure Judgment. The settlement provided that Foreclosure Judgment would be entered by this Court, but as stated within paragraph 14 thereof, the Final Judgment would not take effect *until over six months later, on April 23, 2018*. (Emphasis added)

8. The Settlement gave Ms. Zarowny over six months to pay her obligation to the United States of America and absent her timely failure to satisfy her obligations, the Property would be sold at public sale by the United States Marshal.

9. Unfortunately, Ms. Zarowny did not pay her obligation to the United States of America on or before the April 23, 2018 deadline and the Final Judgment then became effective.

10. In accordance with the stipulated procedures set forth within the Final Judgment the United States Marshal then conducted a foreclosure sale of the Property on June 1, 2018 (the "Marshals Sale") at which the Purchaser was the successful high bidder.

11. The Marshal complied with each and every requirement contained within the Final Judgment for the sale of the Property.

12. When no objection to the Marshals Sale was filed within ten days thereof, the Plaintiff filed its Motion for Confirmation of Sale (DE 68).

13. United States District Court Judge Joan A. Lenard thereafter on June 13, 2018 (DE 69) granted Plaintiff's Motion and entered an Order confirming the sale (DE 69) (the "Sale Confirmation Order").

14. Ms. Zarowny thereafter filed her Objection to Sale claiming inadequate notification of the sale.

### *MS. ZAROWNY'S OBJECTION*

15. Ms. Zarowny candidly acknowledged within her Objection that she was "aware of the importance of the date of April 23, 2018 as a trigger for further activity and ultimate sale if [she] did not resolve everything prior to that sale." (DE 70)

16. Ms. Zarowny stated that it was her understanding "from many attorneys [she] consulted that [she] would receive notification of the actual date of the sale."

17. Ms. Zarowny also candidly admits that she was not working upon satisfying her obligation to the Plaintiff but instead had "been working steadily to secure a bankruptcy attorney in order to halt what [she] thought was the impending foreclosure sale". (DE 70)

## *THIS COURT'S FORECLOSURE JUDGMENT*

18. The Foreclosure Judgment specifically provided (¶7) that if Ms. Zarowny did not timely pay the amount which she owed to the Plaintiff on or before the April 23, 2018 effective date of the Foreclosure Judgment the Property would be sold to the highest and best bidder for cash "free and clear of any right, title and interest of the Defendants herein..."

19. The Court's Foreclosure Judgment directed the specific procedure for the sale of the Property and for the Notice of Sale of the Property. More specifically, this Court directed the following:

> ""8. The United States Marshal or his authorized deputy is directed to publish notices of sale, describing the property to be sold, once a week for four (4) consecutive weeks immediately prior to sale; such sale to be made to the highest and best bidder for cash, subject to the right reserved to Plaintiff to bid in such property and apply its bid to the indebtedness due to it as hereinabove set forth. The notice of sale shall be in a newspaper of general circulation in Miami-Dade County, Florida."

20. The Court's Foreclosure Judgment also provided for the United States Marshal, upon its receipt of the purchase price bid at the sale to make a report of the sale to the Court for confirmation and upon such confirmation the Marshal would be directed to execute a Marshals Deed conveying the Property to the purchaser (¶10).

21. Lastly and importantly, the Foreclosure Judgment provided that upon confirmation of sale, *"the Defendants and all persons claiming by, through, under or against them, shall stand forever barred and foreclosed of all right, title and interest in and to said property and the purchasers thereof shall be entitled to immediate possession of said property."* (¶12) (Emphasis added)

### THE UNITED STATES MARSHAL CONDUCTED THE SALE OF THE PROPERTY IN STRICT ACCORDANCE WITH THIS COURT'S FORECLOSURE JUDGMENT

22. The United States Marshal complied with each and every of its obligations under this Court's Foreclosure Judgment.

23. The United States Marshal properly published the required Notices of Sale scheduling the Marshals Sale for June 1, 2018 and the Purchaser was the highest and best bidder for cash at the sale.

24. There was no obligation under either the Foreclosure Judgment or under law for the United States Marshal, the Plaintiff, this Court or any other person or entity to provide any other or different notice of the sale to Ms. Zarowny.

### THE OBJECTION IS NOT TIMELY

25. This Court's Foreclosure Judgment specifically provided (¶12) that upon confirmation of the Marshals Sale, Ms. Zarowny and all other Defendants and persons claiming by, through, under or against them would stand forever barred and foreclosed of any of their right, title and interest in and to the Property.

26. Ms. Zarowny's Objection is untimely as her interest in the Property was eliminated by this Court's June 13, 2018 Order Confirming Sale.

27. Ms. Zarowny's Objection is also untimely because it was not filed within ten days of the Marshals Sale.

28. Foreclosure sales in Florida traditionally follow Florida Statute §45.031 which provides that any objections to a foreclosure sale are to be filed within ten (10) days of the Clerk's filing of the Certificate of Sale (the Certificate of Sale normally and customarily is filed on the same day as the foreclosure sale).

29. The Plaintiff was obviously aware of this ten day deadline for objection as it stated within its Motion for Confirmation of Sale (DE 68) that "ten days have passed and no objection to the sale has been filed".

### *THE MARSHALS SALE WAS CONDUCTED AS REQUIRED BY 28 U.S. CODE §2001*

30. 28 U.S. Code §2001 titled "Sale of Realty Generally" provides in pertinent part as follows:

> "(a) Any realty or interest therein sold under any order or decree of any court of the United State shall be sold as a whole or in separate parcels at public sale at the courthouse of the county, parish, or city in which the greater part of the property is located, or upon the premises or some parcel thereof located therein, as the court directs. Such sale shall be upon such terms and conditions as the court directs."

31. 28 U.S. Code §2001(a) specifically provides that any realty or interest therein shall be sold "as the court directs" and that such sale shall be upon such terms and conditions "as the court directs".

32. The court was authorized pursuant to 28 U.S. Code §2001(a) to direct both the sale process and the terms and conditions thereof as it did within its Foreclosure Judgment.

33. The Property was sold in compliance with the provisions of the Foreclosure Judgment and neither Ms. Zarowny nor any other person is attempting to attack the Final Judgment itself.

### *THE OBJECTION IS NOT FILED IN GOOD FAITH*

34. As shown by the docket in this action (DE 45; DE 47; DE 54; DE 57) Ms. Zarowny has continually sat on her rights.

35. Ms. Zarowny admits within her Objection that she was fully aware of the April 23, 2018 deadline for satisfying her obligation to the Plaintiff, but took no action to do so.

36. Moreover Ms. Zarowny "overshares" within her Objection by candidly stating that her goal was not to actually pay off the Plaintiff, but to file bankruptcy.

37. Ms. Zarowny's Objection is simply not filed in good faith.

## *CONCLUSION*

There is no factual or legal basis for the Objection and it must be overruled and denied.

WHEREFORE, the United States Marshals Sale Purchaser, Mr. Ed Capital Corp. respectfully requests that this Court enter an Order overruling and denying Ms. Zarowny's Objection to the U.S. Marshals Sale.

**I HEREBY CERTIFY** that on this 31st day of July, 2018, I furnished a copy of this document to Timothy C. Treanor, Attorney for Plaintiff, The United States of America via e-mail to timothy.treanor@sba.gov. and to Defendant, Jo Anne Zarowny by United States First Class Mail to Jo Anne Zarowny, 231 NE 104th Street, Miami Shores, Florida 33138 and via e-mail to jzarowny@gmail.com and jzarowny@mdc.edu.

>
> Jeffrey B. Smith, P.A.
> Attorneys for Marshals Sale
> Purchaser, Mr. Ed Capital Corp.
> 1401 East Broward Blvd., Suite 300
> Fort Lauderdale, Florida 33301
> Telephone Number: 954-467-3000
> Facsimile Number: 954-467-1932
> Primary e-mail:  jsmith@smithatlaw.com
> Secondary e-mail: kathy@smithatlaw.com
>
> By:   Jeffrey B. Smith
>          JEFFREY B. SMITH