UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20734-CIV-LENARD/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOANNE ZAROWNY, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON ZAROWNY'S
MOTION FOR REFUND OF FUNDS PAID TO BANKRUPTCY COURT
AND DISBURSED TO SMALL BUSINESS ADMINISTRATION**

Defendant Joanne Zarowny moves the Court to order the Small Business Administration ("SBA") to reimburse her for the $5,211.74 it obtained from the Bankruptcy Court in her bankruptcy. [ECF No. 168].[1] Both the SBA and the Purchaser of Zarowny's residential property purchased at an auction sale, Mr. Ed Capital Corp., filed a response in opposition, and Zarowny filed a reply. [ECF Nos. 169; 170; 173]. United States District Judge Joan A. Lenard referred to the Undersigned Zarowny's motion for reimbursement of the $5,211.74 paid to the Bankruptcy Court. [ECF No. 177]. The

---

[1] Zarowny incorrectly filed her submission and her request to obtain the funds which the Bankruptcy Court distributed to the SBA in her bankruptcy proceeding. The submission can be found on CM/ECF at ECF No. 167.

Undersigned required additional briefing from the parties on this issue, which the SBA and Mr. Ed Capital Corp. submitted on CM/ECF. [ECF Nos. 180; 181]. The Undersigned provided Zarowny with additional time to submit her memorandum, but to date she has not done so, and the deadline to do so (April 16, 2021) has expired. [ECF No. 182].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **deny** Zarowny's request for a refund of the funds she paid to the Bankruptcy Court.

I.     BACKGROUND

Zarowny, along with her former husband Malek Brouri, entered into a $40,000 Note in favor of the SBA on April 6, 2006, which was secured by an interest in her home located at 231 N.E. 104 Street, Miami Shores, Florida (the "Subject Property"). [ECF No. 1-5]. Zarowny defaulted on the loan, and the SBA brought a foreclosure suit. [ECF No. 1]. The SBA and Zarowny entered into a settlement agreement that would allow her to bring the loan current, and the Court administratively closed the case. [ECF No. 31]. However, Zarowny stopped making payments, and on February 24, 2017, the Court reopened the case upon the SBA's motion. [ECF Nos. 32; 33].

The parties attended mediation on September 17, 2017. They entered into a final stipulated judgment of foreclosure, providing that judgment would not take effect until April 23, 2018, giving Zarowny more than six months to raise the $27,747.58 necessary to satisfy the judgment. [ECF Nos. 62; 66]. The Stipulated Final Judgment of Foreclosure

provided that if Zarowny did not pay the $27,747.58 by April 23, 2018, then the Subject Property would be sold to the highest bidder at a sale held by the U.S. Marshals Service. [ECF No. 66, pp. 2-3]. Further, the Stipulated Final Judgment of Foreclosure provided that "upon each confirmation of sale, the Defendants . . . shall stand forever barred and foreclosed of all right, title, interest in and to said property and the purchasers thereof shall be entitled to immediate possession of said property." [ECF No. 66, p. 4].

Zarowny did not make the required payment by April 23, 2018. Thus, the SBA made arrangements with the U.S. Marshals Service to conduct a judicial sale of the Subject Property. [ECF No. 107, p. 3]. On June 1, 2018, the U.S. Marshals Service conducted the sale, and Mr. Ed Capital Corp. was the successful bidder, bidding $30,000. [ECF No. 67].

On June 13, 2018, Judge Lenard issued an order confirming the sale and directing the U.S. Marshals Service to disburse the sale proceeds to the SBA and deliver the deed to the purchaser. [ECF No. 69]. The next day, Zarowny filed objections to the sale, stating that she should have received personal notice of the sale so that she could file a bankruptcy petition and stop the sale. [ECF No. 70]. In the meantime, the SBA realized that there was a scrivener's error of the purchaser's name in the proposed order attached to the SBA's motion to confirm sale (and the order confirming the sale included this error as well). [ECF No. 107, p. 3]. Thus, on June 25, 2018, the SBA asked the Court to issue an Amended Order Confirming Sale to correct the scrivener's error. [ECF No. 72].

On September 21, 2018, while the Court was considering Zarowny's objections to the sale, Miami-Dade County served a notice of application for tax deed and announced a plan to sell the property for back taxes on November 6, 2018. [ECF No. 86-3]. To protect its collateral, the SBA paid the overdue taxes incurred by Zarowny -- a total of $8,081.91 -- on October 28, 2018. [ECF No. 107-2].

On November 7, 2018, Zarowny declared Chapter 13 bankruptcy. [ECF No. 87]. Zarowny was represented by counsel, Louis A. Hernandez, in the bankruptcy proceedings. This case was stayed pending the resolution of the bankruptcy case. [ECF No. 92]. However, on March 15, 2019, the bankruptcy court granted relief from the automatic stay to allow this Court to resolve the issues concerning the sale of the Subject Property. [ECF No. 107-3]. In the bankruptcy case, on February 22, 2019, the SBA filed a proof of claim which reflected both this Court's judgment *and* the tax payment which the United States made. *See* ECF No. 169-1, p. 6 (noting the $8,080.91 tax payment). In her Summary of Assets and Liabilities filed in the bankruptcy proceeding, Zarowny states that she owed the SBA $36,066.48. [ECF No. 181-2].

Following an evidentiary hearing before the Undersigned, Judge Lenard adopted the Undersigned's Report and Recommendations and denied Zarowny's motion to vacate the sale. On February 4, 2020, Judge Lenard entered an amended order confirming the sale. [ECF Nos. 155; 156]. On February 19, 2020, the U.S. Marshals Service issued the deed to the Subject Property to the grantee, Mr. Ed Capital Corp. [ECF No. 160-1]. On

March 9, 2020, Zarowny converted her Chapter 13 bankruptcy to Chapter 7. [ECF No. 97]. On July 28, 2020, the Bankruptcy Court discharged the estate in bankruptcy and closed the case.

## II. Analysis

When the SBA paid $8,080.91 to prevent the Subject Property from being sold at a tax sale on November 6, 2018, the technical owner of the Subject Property is somewhat murky. Judge Lenard had already entered an order confirming the sale and directing the U.S. Marshals Service to disburse the sale proceeds to the SBA and deliver the deed to Mr. Ed Capital Corp. But a scrivener's error in the order confirming the sale and Zarowny's challenges to the sale prevented these final steps from occurring. Zarowny's bankruptcy filing (which stayed this case) and additional briefing and hearings relating to Zarowny's challenges to the sale delayed these steps even longer.

This delay allowed Zarowny to remain in the Subject Property for another year and a half, until July 31, 2020. [ECF No. 172, p. 5]. Additionally, the SBA paid the overdue property taxes, preventing a tax sale scheduled for November 6, 2018 from taking place (and likely preventing Zarowny from being evicted from the Subject Property much earlier than July 2020).

The SBA, as the mortgagee, had a right to pay any unpaid taxes that were the obligation of the mortgagor, and to recover those taxes in the foreclosure suit. *See Holloway v. Sewell*, 140 Fla. 464, 467, 191 So. 825, 826 (1939); *Stowe v. Brickell*, 141 Fla. 726,

726, 194 So. 609, 609 (1940) ("It appears that the law is well settled in this State that where a mortgagee not obligated or bound to pay taxes acquires tax certificates on the property covered by the mortgage, such acquisition of tax certificates constitutes a payment of the taxes and the mortgage lien is thereby increased to the extent of such payment of taxes."). But here, the SBA did not attempt to recover these paid taxes in this foreclosure suit, presumably because Judge Lenard had already entered a stipulated final judgment and a sale of the property had already occurred.

Pursuant to the Court's Stipulated Final Judgment of Foreclosure, after the order confirming the sale was entered, Zarowny would be "forever barred and foreclosed of all right, title and interest in and to said property." [ECF No. 66, p. 4]. Thus, according to the terms and conditions directed by this Court, once the order confirming the sale was entered by Judge Lenard, Zarowny would be barred from her interest in the property; and, arguably, she would no longer be responsible for satisfying any property taxes. *See* 28 U.S.C. § 2001(a) (stating that any "sale shall be upon such terms and conditions as the court directs").

However, as the SBA points out, under Florida law, no transfer of property occurs until a written instrument "signed in the presence of two subscribing witnesses by the party . . . transferring, or releasing such estate" occurs. [ECF No. 181, p. 4]; Fla. Stat. § 689.01. According to the SBA, the property still belonged to Zarowny until the U.S.

6

Marshals Service transferred the property to Mr. Ed Capital Corp. via the U.S. Marshals' deed on February 19, 2020.

Neither party provided any case law involving this unusual factual scenario (i.e., who would be responsible for paying any taxes or assessments after the confirmation of the sale but before the U.S. Marshals deed was issued, or, phrased differently, who is responsible for unpaid property taxes during a legal dispute over the sufficiency of a foreclosure sale). Zarowny failed to file the requested memorandum at all. The Undersigned is also unaware of any case law that is instructive here.

Thus, the Undersigned agrees with Zarowny that her responsibility for these unpaid property taxes, which were paid <u>after</u> the sale occurred and Judge Lenard entered an order confirming the sale, is unclear. Further, the SBA did not move the Court for a finding that it was entitled to judgment for this additional amount.

In the Request pending here, Zarowny contends that the SBA is "double dipping" by keeping the proceeds of the foreclosure sale and the money the Bankruptcy Court disbursed to the SBA. [ECF No. 167]. But the SBA points out that it sought to recover in the bankruptcy action the funds it paid to preserve the collateral (i.e., paying the tax bill) *and* the underlying debt. [ECF No. 169]. According to the SBA, the amount paid to it in the bankruptcy was not enough to repay her tax bill (which the SBA paid on her behalf). Thus, the SBA says, "far from 'double-dipping,' as the defendant accuses the plaintiff of

doing, the United States leaves the field with some of the debt which defendant owes it unsatisfied." *Id.* at p. 2.

In any event, it appears that Zarowny took a different position in the bankruptcy proceedings. In her Summary of Assets and Liabilities, Zarowny states that she owes the SBA $36,066.48, which appears to include the $8,080.91 tax payment. [ECF No. 181-2, p. 12]. The stipulated judgment amount was $27,747.58. The judgment amount plus the tax payment would be $35,828.49. It is unclear whether the additional $237.99 is for interest or whether Zarowny's calculation was in error, but, either way, Zarowny states that she owes the SBA $6,066.48 more than the amount the SBA ultimately received from the U.S. Marshals' sale, which totaled $30,000. Thus, according to Zarowny's own summary of assets and liabilities filed with the Bankruptcy Court, she still has not fully repaid the SBA, even taking account of the $5,211.74 she paid to the SBA through the Bankruptcy Court.

The SBA filed a proof of claim which included this Court's judgment and the tax payment. [ECF No. 169-1, p. 6]. "A proof of claim filed pursuant to Federal Rule of Bankruptcy Procedure 3001 'shall constitute prima facie evidence of the validity and amount of the claim.'" *In re Bateman*, 331 F.3d 821, 827 (11th Cir. 2003) (citing Fed. R. Bankr.P. 3001(f)). This evidence can be rebutted if the debtor files an objection to the amount of the claim and the bankruptcy court will conduct a hearing. *Id.* Zarowny, who

8

was represented by counsel in the bankruptcy proceeding, **made no objection to the SBA's proof of claim** and no such hearing was held.[2]

On March 20, 2019, without objection from Zarowny, United States Bankruptcy Court Judge Robert A. Mark ordered Zarowny, "to continue making payments each month to the Chapter 13 Trustee" and that "all payments held by the Chapter 13 Trustee shall be non-refundable." [ECF 180-1, p. 2]. The Chapter 13 final hearing did not take place (since it was pending resolution of Zarowny's challenges to the sale in this Court), and the Chapter 13 plan was never confirmed. After Judge Lenard denied Zarowny's motion to vacate the sale, Zarowny voluntarily converted her bankruptcy action to

---

[2] However, in Zarowny's Third Amended Plan, Zarowny states that her arrearage to the SBA is $10,677. The SBA filed an objection raising the issue of the property taxes being paid and that the amount of arrearage is $38,093. *In re: JoAnne Zarowny*, United States Bankruptcy Court, Southern District of Florida, No. 18-23876-RAM, ECF No. 72 (May 9, 2019). However, the issue was never addressed because the Chapter 13 final hearing did not occur (since it was pending resolution of Zarowny's challenges to the sale in this Court), and the Chapter 13 plan was never confirmed. After Judge Lenard denied Zarowny's motion to vacate the sale, Zarowny voluntarily converted her bankruptcy action to a Chapter 7 proceeding. It appears that in some instances, a debtor requests a return of the money paid after a Chapter 13 bankruptcy is converted to Chapter 7. *See Smith v. Strickland*, 178 B.R. 524, 527 (M.D. Fla. 1995) ("Ordinarily when a debtor's plan is not confirmed the time between the date of filing and the date of conversion will be brief, and the amount of money held by the trustee relatively small. Thus, as stated previously, there are strong policy reasons for returning any payments to the debtor regardless of any exemption claim."). It does not appear that Zarowny made such a request with the Bankruptcy Court, and it is unclear to the Undersigned whether she would have been entitled to a return.

Chapter 7. On July 28, 2020, again without objection, Judge Mark dismissed the estate and closed the case. [ECF No. 181-1, p. 1].

"Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments." 28 U.S.C. § 157. Further, "[a]n appeal from a . . . decree of a bankruptcy court to a district court . . . may be taken *only by filing a notice of appeal with the bankruptcy clerk*." Fed. R. Bankr. P. 8003(a)(1) (emphasis added). A party to a bankruptcy proceeding may file an appeal within 14 days after entry of the judgment, order, or decree being appealed. Fed. R. Bankr. P. 8002(a)(1).

"Federal district courts have jurisdiction only over appeals from final orders of the bankruptcy court under 28 U.S.C. § 158(a)." *In re Warner*, 94 B.R. 734, 735 (M.D. Fla. 1988); *see also In re Cabot*, 537 F. App'x 891, 894 (11th Cir. 2013) ("District courts lack jurisdiction to hear untimely appeals from bankruptcy court orders."); *see also In re Williams*, 216 F.3d 1295, 1298 (11th Cir. 2000) (affirming district court's dismissal of untimely appeal from bankruptcy court).

But Zarowny did not object to, or seek any relief from, Judge Mark in the bankruptcy proceedings related to the $5,211.74 disbursed to the SBA, even after Judge Lenard entered an amended order confirming the sale and the deed was issued to Mr. Ed Capital Corp. Further, Zarowny has not appealed any of the Bankruptcy Court's orders.

10

Nor is this a scenario where the District Court withdrew a reference to the Bankruptcy Court for good cause shown. *See In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 538 (11th Cir. 1991) ("The bankruptcy courts obtain jurisdiction over Title 11 cases or proceedings only by referral at the discretion of the district courts, and the district court may withdraw such reference for cause.").

Instead, Zarowny has filed a motion with *this* Court, asking it to, in effect, intervene in the actions taken by Judge Mark in the bankruptcy proceedings and enter an order which would reverse or overrule Judge Mark's order in the bankruptcy court.

The Undersigned finds that it would be procedurally improper (pursuant to Fed. R. Bankr. P. 8003(a)(1)) to hear Zarowny's appeal of the Bankruptcy Court's orders in this action and it would likely frustrate the objectives of the Bankruptcy Court in achieving finality. *See In re Starling*, 251 B.R. 908, 910 (Bankr. S.D. Fla. 2000) ("[The] confirmation of a plan renders that plan binding on the debtor and the creditors. The binding effect of confirmation of the plan is essential in serving the objective of the confirmation process, which is to achieve finality."); *see also In re Fundamental Long Term Care, Inc.*, 753 F. App'x 878, 885 (11th Cir. 2019) ("We have declined to address issues not raised before the bankruptcy court because an alternate course would delay the disposition of bankruptcy cases and permit a party to say nothing to the bankruptcy court, await its ruling, bypass that judgment, and for the first time take that objection to the district court.").

11

However, the Undersigned neither prohibits nor approves of Zarowny's potential ability to seek relief from the Bankruptcy Court.

### III.     Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **deny** Zarowny's request for a refund of the funds she paid to the Bankruptcy Court and which were disbursed to the SBA.

### IV.     Objections

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Joan A. Lenard. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error

if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, Miami, Florida, on May 6, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard

Counsel of Record

JoAnne Zarowny
810 Sky Pine Way
Unit F-1
Green Acres, FL 33415
jzarowny@gmail.com